**James A. HUEY, et al., Plaintiffs,**

v.

**DELOITTE, HASKINS & SELLS, et al., Defendants.**

**No. 82–2820–M.**

United States District Court, W.D. Kentucky, Louisville Division.

June 6, 1985.

Thad S. Rodda, Jr., Bettye S. Adams, Bogatin, Lawson & Chiapella, Memphis, Tenn., Robert L. Green, Neely, Green & Fargarson, Memphis, Tenn., for plaintiffs.

Joseph E. Fineman, Stanley W. Whetzel, Jr., Taustine, Post, Sotsky, Berman, Fineman & Kohn, Louisville, Ky., for defendants Federal Land Bank of Louisville and Federal Intermediate Credit Bank of Louisville.

## ORDER AND MEMORANDUM

BALLANTINE, District Judge.

This matter is before the Court on the motion of the plaintiffs to compel Donald G. Meers, Vice President, Federal Land Bank (FLB), and Federal Intermediate Credit Bank of Louisville (FICB), to produce documents relating to its reviews, audits, examinations and investigations of defendant, Dyersburg Production Credit Association.

This action was commenced in the United States District Court for the Western District of Tennessee alleging violations of the Securities Act of 1933 and the Securities and Exchange Act of 1934. At issue is a

subpoena duces tecum directing Meers to produce documents relating to FLB–FICB reviews, audits, examinations and investigations of Dyersburg Production Credit Association.

FLB–FICB resists the subpoena, arguing that 12 C.F.R. Sections 602.205, 617.7080 and 618.8300 et seq. establish a privilege against discovery of the contents of the records.

The regulations seem to present an anachronism to the Court. If Dyersburg PCA were not a party, the regulations would permit limited discovery of the documents subject to restrictions to be imposed by the Court. On the other hand, since Dyersburg PCA is a party and is a Farm Credit institution, the regulations establish a privilege against disclosure.

The Court's research has disclosed no decision treating the precise point at issue. We do find some guidance from dictum in *United States v. Reynolds,* 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727 (1953):

"Respondents have cited us to those cases in the criminal field, where it has been held that the Government can invoke its evidentiary privileges only at the price of letting the defendant go free. The rationale of the criminal cases is that, since the Government which prosecutes an accused also has the duty to see that justice is done, it is unconscionable to allow it to undertake prosecution and then invoke its governmental privileges to deprive the accused of anything which might be material to his defense. Such rationale has no application in a civil forum where the Government is not the moving party, but is a defendant only on terms to which it has consented." 345 U.S. at 12, 73 S.Ct. at 534.

In the case sub judice the Government has set forth the terms to which it has consented. Those terms compel the conclusion that, absent a waiver, FLB–FICB may not be compelled to produce the records which are the subject of the subpoena duces tecum.

The motion to compel discovery will be denied.

The Court is of the opinion that this order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.